```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES SECURITIES AND         :
EXCHANGE COMMISSION,                 :
                                     :
                Plaintiff,           :   04 Civ. 2003 (MBM)
                                     :
     -against-                       :   OPINION & ORDER
                                     :
RODNEY S. SHEHYN, RODNEY D. MARR     :
DONALD L. MARR and KAREN LEIGH,      :
                                     :
                Defendants.          :
------------------------------------X
```

APPEARANCES:

ROBERT B. BLACKBURN, ESQ.
(Attorney for Plaintiff)
Securities and Exchange Commission
3 World Financial Center
New York, NY 10281
(212) 336-1050

DONALD N. DOWIE, ESQ.
(Attorney for Plaintiff)
Securities and Exchange Commission
450 Fifth St., N.W.
Washington, DC 20549
(202) 942-4660

RODNEY S. SHEHYN
(Plaintiff pro se)
P.O. Box 27198
Salt Lake City, UT 84127

MICHAEL B. MUKASEY, U.S.D.J.

The Securities and Exchange Commission ("SEC") sues defendant Rodney S. Shehyn ("Shehyn"), along with co-defendants Rodney D. Marr ("Rodney Marr"), Donald L. Marr ("Donald Marr"), and Karen S. Leigh ("Leigh"), for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a) (2000); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b); and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 (2005). The SEC also brings claims against defendants Shehyn, Rodney Marr, and Donald Marr under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), and against Shehyn under Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a). Shehyn moves to dismiss all of the claims against him for improper service under Fed. R. Civ. P. 4(m).[1] This court has jurisdiction over the Securities Act claims pursuant to 15 U.S.C. § 77v(a), and over the Exchange Act claims pursuant to 15 U.S.C. § 78aa. For the reasons set forth below, Shehyn's motion to dismiss is denied and the SEC's time to serve Shehyn is extended nunc pro tunc to July 23, 2004.

---

[1] Although Shehyn, who is proceeding pro se, does not identify which specific defense he is raising under Fed. R. Civ. P. 12 in his motion to dismiss, a challenge based on improper service under Fed. R. Civ. P. 4(m) is considered under Fed. R. Civ. P. 12(b)(5). See, e.g., E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 504 (S.D.N.Y. 1999); Buckley v. Doha Bank Ltd., No. 01 Civ. 8865 (AKH), 2002 WL 1751372, at *1 (S.D.N.Y. July 29, 2002).

1

I.

On March 15, 2004, the SEC filed a complaint against Shehyn and the other named defendants alleging numerous violations of the federal securities laws arising out of defendants' management of Millennium Financial, Ltd. ("Millennium"), an "international securities and consultancy firm" that was actually a sophisticated "boiler room" operation. (Complaint ("Compl.") ¶¶ 1, 10) The details of the scheme are not relevant for the purposes of Shehyn's motion; it suffices to say that Shehyn was alleged to have orchestrated Millennium's fraudulent operations through offices in Spain and California over the course of more than two years. (See id. ¶¶ 30-39)

On July 13, 2004 -- the 120th day after the SEC filed its complaint -- the SEC moved to extend its time to serve Shehyn to July 23. In its motion, the SEC explained that Shehyn had pleaded guilty in January 2004 to a different boiler room scheme and had been incarcerated at a federal detention facility in San Diego. (Pl. Br. in Supp. of Mot. for Extension of Time to Serve Def. ("Pl. Extension Br.") at 1) However, when the SEC attempted to serve Shehyn at the San Diego facility at some point before July 13, it was told that he was "in transit" to a different facility. (Id.) On June 29, the SEC learned that this new facility was located in Taft, California, and spent "several days" trying to reach the correct person at the facility with

whom to arrange service. (Id.) That person had been reached by the time of the SEC's July 13 motion, leading the SEC to conclude that service could be completed that week. (Id.) Shehyn was successfully served at the Taft facility on July 20, within the ten day period requested by the July 13 motion. (See Return of Service, dated July 20, 2004) The motion itself was never ruled on by this court.

On September 8, 2004, Shehyn moved to dismiss the SEC's complaint based on the SEC's failure serve him within 120 days as required by Fed. R. Civ. P. 4(m).

II.

Fed. R. Civ. P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice..." However, the rule also provides that "the court shall extend the time for service for an appropriate period" if the plaintiff can show "good cause" for the failure to meet the 120-day deadline. Id. (Emphasis added) Such an extension may be granted nunc pro tunc and is often coupled with a denial of a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(5). See, e.g., AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P., 197 F.R.D. 104, 105 (S.D.N.Y.

3

2000); McNeill v. Futures Int'l UK, Inc., No. Civ. A. 3:03 Civ. 1119 (SRU), 2004 WL 1207912, at *1 (D. Conn. May 28, 2004); Buckley v. Doha Bank Ltd., No. 01 Civ. 8865 (AKH), 2002 WL 1751372, at *1 (S.D.N.Y. July 29, 2002).

Although Fed. R. Civ. P. 4(m) does not spell out what constitutes "good cause," courts in this district have required a plaintiff to "demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." Spinale v. United States, No. 03 Civ. 1704 (KMW)(JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005); accord Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003). "An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." Feingold, 269 F. Supp. 2d at 276.

In evaluating "good cause," courts examine whether the plaintiff has made reasonable efforts to effect service and whether the defendant has been prejudiced by the delay. Feingold, 269 F. Supp. 2d at 276; AIG Managed Market Neutral Fund, 197 F.R.D. at 108; E. Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999). In addition to these two factors, several courts have considered also whether the plaintiff moved for an extension before the 120-day period elapsed. See, e.g., AIG Managed Market Neutral Fund, 197 F.R.D. at 108; Echevarria v. Dep't of Corr. Servs., 48 F.

4

Supp. 2d 388, 392 (S.D.N.Y. 1999); Gowan v. Teamsters Union (237), 170 F.R.D. 356, 359-60 (S.D.N.Y. 1997); Am. Commercial Barge Line Co. LLC v. Tug Joan Salton, No. 99 Civ. 0846 (RCC), 2001 WL 262724, at *3 (S.D.N.Y. Mar. 16, 2001). An examination of all three factors suggests that the SEC has demonstrated "good cause" for the seven-day delay in serving Shehyn.

First, the SEC's efforts to serve Shehyn in a timely manner were "reasonable." More than two weeks before the 120-day period elapsed, the SEC attempted to serve Shehyn at the federal detention facility in San Diego. (Pl. Extension Br. at 1) Upon learning that Shehyn was "in transit" to another facility and confirming that this facility was in Taft, California, the SEC spent "several days" trying to reach the proper person at Taft with whom to arrange service. (Id.) When it finally was able to reach this prison official near the end of the 120-day period, it served Shehyn promptly with the summons and complaint. (Id.) These facts demonstrate diligence and suggest that circumstances largely beyond the SEC's control -- Shehyn's transfer to another facility, the need to coordinate service with a prison official at the new facility, and the delay of "several days" in reaching this prison official -- were responsible for the failure to meet the 120-day deadline. Ultimately, the SEC served Shehyn only a week after the deadline, the sort of brief delay that courts repeatedly have found to be consistent with a "good cause"

5

finding. See, e.g., McNeill, 2004 WL 1207912, at *1 ("good cause" for 31-day delay); Geller v. Newell, 602 F. Supp. 501, 502 (S.D.N.Y. 1984) ("good cause" for 14-day delay); S.E.C. v. Westerfield, No. 94 Civ. 6997 (JSM), 1997 WL 282241, at *2-*3 (S.D.N.Y. May 27, 1997) ("good cause" for 18-day delay).

Second, Shehyn offers no evidence that he was prejudiced by the one-week delay in receiving the complaint. Instead, he argues only that the court "is within its power and authority to grant a dismissal" and that he is "entitled to [it]." (Def. Mot. ¶¶ 5, 6). The lack of any allegation of prejudice also militates against granting Shehyn's motion. See Coleman v. Cranberry Baye Rental Agency, 202 F.R.D. 106, 109 (N.D.N.Y. 2001) (noting defendant's failure to allege prejudice in concluding that plaintiff had adequately demonstrated "good cause"); Westerfield, 1997 WL 282241, at *3 (same); Geller, 602 F. Supp. at 502 (same).

Third, the SEC sought to extend its time to serve under Fed. R. Civ. P. 4(m) before the 120-day period expired. Specifically, on July 13, 2004, the SEC moved for an additional 10 days to complete the coordination of service with the prison official at the Taft facility. (See Pl. Extension Br. at 1-2) Although the SEC's motion was submitted on the last day of the 120-day period, the court surmises that the SEC likely did not recognize the need for extra time until after it took "several

6

days" to reach the appropriate prison official at Taft. (Pl. Extension Br. at 1)  In any event, the court could find "good cause" even if the SEC had not moved for the extension in the first place.  See, e.g., Geller, 602 F. Supp. at 502 (noting that it would be "prudent" for a party to move for an extension prior to the running the of 120 days, but "the failure to do so does not mandate dismissal").

This court's conclusion that the SEC has demonstrated "good cause" is reinforced by numerous cases that have found "good cause" when the defendant's whereabouts are unknown or otherwise difficult to discern.  In Westerfield, for example, the SEC claimed "good cause" where it served the defendant 18 days late because it was having "considerable difficulty" locating the defendant and was able to serve him only "on back roads on Kentucky Lake" after it had received new information about his location.  1997 WL 282241, at *2.  The Court found that the SEC's efforts to locate the defendant were "reasonable," extended the 120-day service period by 18 days, and denied the defendant's motion to dismiss for failure to comply with Fed. R. Civ. P. 4(m).  Id. at *3.  Similarly, the Court in McNeill excused a 31-day delay and rejected a defendant's motion to dismiss where the plaintiff was unable to locate the defendant's agent for process within 120 days because a state website did not designate the correct agent for service.  McNeill, 2004 WL 1207912, at *1; see

also Geller, 602 F. Supp. at 502 (denying motion to dismiss based on 14-day delay where plaintiff made "extensive inquiries" before finally locating defendant outside state); Coleman, 202 F.R.D. at 108-09 (denying motion to dismiss based on three-week delay where defendant was not alleged to have evaded service, but had been unsuccessfully sought at three different Florida addresses). Although none of these cases presents a situation identical to the one here, all point to a finding of "good cause" where, as here, the plaintiff struggles to locate and serve the defendant due to circumstances largely beyond the plaintiff's control.

Because the SEC has shown "good cause" for its delay in serving Shehyn, the court need not consider whether a discretionary extension is appropriate pursuant to its inherent authority under Fed. R. Civ. P. 4(m). See Fed. R. Civ. P. 4(m), Advisory Committee Notes (1993 Amendments) (stating that Fed. R. Civ. P. 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown") (emphasis added); Feingold, 269 F. Supp. 2d at 277 (outlining and applying four-factor test to determine whether discretionary extension was appropriate); E. Refractories, 187 F.R.D. at 506 (same); Alvarado v. Am. Freightways, Inc., No. 04 Civ. 9536 (JCF), 2005 WL 1467893, at *5-*6 (S.D.N.Y. June 21, 2005) (same).

* * *

For the reasons set forth above, Shehyn's motion to dismiss is denied and the SEC's time to serve Shehyn is extended nunc pro tunc to July 23, 2004.

SO ORDERED:

Michael B. Mukasey,
U.S. District Judge

Dated: New York, New York
November 4, 2005